966 F.2d 1452
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Anthony W. HEFLIN, Petitioner-Appellant,
v.
Stephen T. SMITH, Warden, Respondent-Appellee.
 No. 91-6256.
 United States Court of Appeals, Sixth Circuit.
 May 7, 1992.
 
 Before NATHANIEL R. JONES and ALAN E. NORRIS, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 
 ORDER
 
 1
 Anthony W. Heflin, a Kentucky pro se prisoner, appeals a district court order dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (1988). This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Petitioner was convicted by a jury on the following charges: one count of third degree burglary, three counts of second degree burglary, one count of second degree criminal possession of a forged instrument, one count of receiving stolen property, one count of first degree rape and sodomy, and one count of second degree criminal attempt to commit burglary. He was sentenced to a total of 70 years imprisonment.
 
 
 3
 Heflin filed a direct appeal but his convictions were affirmed by the Kentucky Supreme Court. Petitioner then filed a motion under Ky.R.Crim.P. 11.42 raising an ineffective assistance of counsel claim which was denied by the trial court. This decision was upheld by the Kentucky Court of Appeals because he had failed to perfect his appeal. His motion to reinstate the appeal was overruled. He filed a motion for discretionary review which was denied by the Kentucky Supreme Court.
 
 
 4
 Heflin then filed a habeas petition alleging five grounds for relief. He alleged: (1) there was insufficient evidence to support his conviction on third degree burglary; (2) the trial judge failed to instruct on the lesser included offense of criminal trespass; (3) there was insufficient evidence to support his convictions on rape and sodomy; (4) his confession on two burglary charges was obtained in violation of his Miranda rights; and (5) his counsel's representation was ineffective. A magistrate judge recommended denying his petition. After de novo review in light of his objections, the district court adopted the report and recommendation of the magistrate judge and dismissed the case. On appeal, Heflin requests leave to proceed as a pauper. Both parties have filed briefs.
 
 
 5
 Initially, we note that Heflin has only presented his ineffective assistance of counsel claim on appeal. Issues which were raised in the district court, yet not raised on appeal, are considered abandoned on appeal and not reviewable. See McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986). Thus, the remaining issues are not reviewable on appeal.
 
 
 6
 Upon review, we conclude that the district court properly refused to consider the merits of Heflin's ineffective assistance of counsel claim as he has failed to show cause and prejudice to excuse his procedural default in the state courts. Wainwright v. Sykes, 433 U.S. 72, 84 (1977).
 
 
 7
 Accordingly, Heflin's request to proceed as a pauper is granted and the judgment of the district court is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.